UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UTOPIAN WIRELESS CORPORATION** | * | **CIVIL ACTION NO. 2:20—03376 H(5)** |
| **VERSUS** | * | **JUDGE JANE TRICHE MILAZZO** |
| **CENTRAL LAFOURCHE HIGH SCHOOL AND LAFOURCHE PARISH SCHOOL BOARD** | *  *  * | **MAGISTRATE JUDGE NORTH** |

**AFFIRMATIVE DEFENSES, ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND RECONVENTIONAL DEMAND ON BEHALF OF CENTRAL LAFOURCHE HIGH SCHOOL AND LAFOURCHE PARISH SCHOOL BOARD**

NOW INTO COURT come Defendants CENTRAL LAFOURCHE HIGH SCHOOL AND LAFOURCHE PARISH SCHOOL BOARD (hereinafter "Defendant" or "the Board"), who for Answer and Affirmative Defenses, submit the following:

**FIRST AFFIRMATIVE DEFENSE**

The lease was never approved by official resolution and vote of the Lafourche Parish School Board and is therefore invalid and unenforceable.

**SECOND AFFIRMATIVE DEFENSE**

Central Lafourche High School is not an "entity" or "person" under Louisiana law and has no capacity to enter into a contract.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to perform its obligations under the lease, specifically Plaintiff did not make any rental payments to Defendant for over ten years at the time suit was filed.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are prescribed under Delaware law.

### FIFTH AFFIRMATIVE DEFENSE

The lease is time-barred by the equitable defense of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's $64,000 payment[1] did not include any interest and therefore failed to cure Plaintiff's breach for non-payment on the lease.

### SEVENTH AFFIRMATIVE DEFENSE

Utopian has assigned the lease to UW-Houma, LLC without approval of Defendant and therefore given up its rights to the lease.

---

[1] See check dated 11/13/2020, (R. Doc. 1, Exhibit 2)

## EIGHTH AFFIRMATIVE DEFENSE

Assignee, UW-Houma, LLC's charter was revoked by the State of Louisiana and as a political subdivision of the State of Louisiana, Defendant cannot do business with a limited liability company whose charter has been revoked. Accordingly, any renewal of the lease between Utopian and Defendant would be against public policy and an absolute nullity.

AND NOW Defendants answer Plaintiff's First Amended Complaint (hereinafter "the Complaint") as follows:

1.

The allegations of Paragraph 1 of the Complaint are admitted.

2.

The allegations of Paragraph 2 of the Complaint are denied, as Central Lafourche High School is not a recognized person under Louisiana Law.

3.

The allegations of Paragraph 3 are admitted.

4.

The allegations of Paragraph 4 of the Complaint are admitted insofar as the parties are citizens of different states, however the assignee, UW-Houma, LLC is/was a Louisiana limited liability company whose charter has been revoked. The remaining allegations regarding the amount in controversy, value of the leasehold interest, and remaining term of the lease are denied.

5.

The allegations of Paragraph 5 of the Complaint are admitted.

6.

The allegations of Paragraph 6 of the Complaint do not require an answer.

7.

The allegations of Paragraph 7 of the Complaint do not require an answer.

8.

The allegations of Paragraph 8 of the Complaint do not require an answer.

9.

The allegations of Paragraph 9 of the Complaint are admitted.

10.

The allegations of Paragraph 10 of the Complaint are admitted.

11.

The allegations of Paragraph 11 of the Complaint are denied. While the Educational Broadband Service Lease Agreement attached to Plaintiffs Complaint was signed on December 31, 2006, Central Lafourche High School lacks capacity to enter into contracts and the contract was never ratified or approved by the Lafourche Parish School Board.

12.

The allegations of Paragraph 12 of the Complaint relative to the parties being in the first ten-year term of the lease are denied. The remaining allegations reciting the language of the lease do not require an answer. The lease agreement speaks for itself.

13.

The allegations of paragraph 13 of the Complaint do not require an answer. The lease agreement speaks for itself.

14.

The allegations of Paragraph 14 of the Complaint do not require an answer. The lease agreement speaks for itself.

15.

The allegations of Paragraph 15 of the Complaint do not require an answer. The lease agreement speaks for itself.

16.

The allegations of Paragraph 16 of the Complaint do not require an answer. The lease agreement speaks for itself.

17.

The allegations of Paragraph 17 of the Complaint do not require an answer. The lease agreement speaks for itself.

18.

The allegations of Paragraph 18 of the Complaint do not require an answer. The lease agreement speaks for itself.

19.

The allegations of Paragraph 19 of the Complaint do not require an answer. The lease agreement speaks for itself.

20.

The allegations of Paragraph 20 of the Complaint do not require an answer. The lease agreement speaks for itself.

21.

The allegations of Paragraph 21 of the Complaint are admitted.

22.

The allegations of Paragraph 22 of the Complaint are denied as written. The purported lease was never approved by the LPSB and is therefore invalid.

23.

The allegations of Paragraph 23 are denied as written. The communication is the best evidence of its content.

24.

The allegations of Paragraph 24 of the Complaint are denied as written. The purported lease was never approved by the LPSB and is therefore invalid.

25.

The allegations of Paragraph 25 of the Complaint are admitted to the extent that a purported "lease" was forwarded.

26.

The allegations of Paragraph 26 of the Complaint are denied as written. The communication is the best evidence of its content.

27.

The allegations of Paragraph 27 of the Complaint are denied.

28.

The allegations of Paragraph 28 are admitted.

29.

The allegations of Paragraph 29 are denied.

30.

The allegations of Paragraph 30 are denied.

31.

The allegations of Paragraph 31 do not require an answer.

32.

The allegations of Paragraph 32 do not require an answer.

33.

The allegations of Paragraph 33 are denied.

34.

The allegations of Paragraph 34 are denied.

35.

The allegations of Paragraph 35 are denied.

36.

The allegations of Paragraph 36 do not require an answer.

37.

The allegations of Paragraph 37 do not require an answer.

38.

The allegations of Paragraph 38 are denied.

39.

The allegations of Paragraph 39 are denied.

### RECONVENTIONAL DEMAND

Defendant is entitled to reimbursement of attorney's fees in accordance with Section 20.3 of the lease.

WHEREFORE, Defendants, CENTRAL LAFOURCHE HIGH SCHOOL and LAFOURCHE PARISH SCHOOL BOARD pray that this Answer be deemed sufficient and that after due proceedings there be judgment rendered in favor of CENTRAL LAFOURCHE HIGH SCHOOL and LAFOURCHE PARISH SCHOOL BOARD and against Petitioner, UTOPIAN WIRELESS CORPORATION, LLC, dismissing its demands with prejudice at its costs and awarding of attorney's fees and costs in favor of Defendants.

RESPECTFULLY SUBMITTED,

*/s/Patrick Amedee*

LAW OFFICE OF PATRICK M. AMEDEE
PATRICK M. AMEDEE, #02448
CATHERINE MASTERSON, #32575
627 Jackson Street, Suite B (70301)
P. O. Box 1092
Thibodaux, LA 70302-1092
(985) 446-4811 (Telephone)
(985) 446-4846 (Facsimile)
Counsel for Defendants, Central Lafourche High School and Lafourche Parish School Board

## CERTIFICATE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing same to each properly addressed and postage prepaid on this 9th day of December, 2021.

*/s/ Patrick M. Amedee*
PATRICK AMEDEE